**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STANLEY KELIIHOLOKAI,

Defendant - Appellant.

No. 25-1613

D.C. No. 1:20-cr-00084-LEK-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted August 19, 2025[**]

Before:   SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Stanley Keliiholokai appeals from the district court's judgment revoking

supervised release and imposing an 18-month prison term. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

Keliiholokai contends that that his due process rights were violated at the

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

revocation hearing when he was precluded from testifying and eliciting testimony as to certain issues. The record does not support this claim. Though the district court limited some areas of testimony, it allowed Keliiholokai a full opportunity "to appear, present evidence, and question . . . adverse witness[es]." *See* Fed. R. Crim P. 32.1(b)(2). Even assuming some of the court's evidentiary rulings were erroneous, the error was harmless given the substantial evidence against Keliiholokai and the additional supervised release violations that Keliiholokai admitted. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008) (alleged due process violation at a revocation hearing is subject to harmless error analysis).

Keliiholokai also contends that the district court failed to explain the sentence adequately. Assuming without deciding that Keliiholokai's pro se objection at sentencing was sufficient to preserve this claim, the claim nevertheless fails. Contrary to Keliiholokai's argument, the court considered the Guidelines policy statement when it correctly calculated the Guidelines range on the record. *See* U.S.S.G. § 7B1.4. It then sufficiently explained why an upward variance from that range was warranted, noting Keliiholokai's dishonesty with probation and ongoing violations despite the court's efforts to "work with" him. This record reflects the court's consideration of the 18 U.S.C. § 3583(e) factors and allows for meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). It also shows that the court properly imposed the sentence to

sanction Keliiholokai's breach of the court's trust, rather than to punish him. *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007).

Keliiholokai next contends that the district court erred by failing to provide a written statement of reasons. Because the record otherwise adequately reflects the court's reasons, we see no cause to remand on this issue. *See United States v. Daychild*, 357 F.3d 1082, 1107-08 (9th Cir. 2004).

Lastly, Keliiholokai contends the sentence is substantively unreasonable. We conclude the district court did not abuse its discretion by imposing the above-Guidelines sentence, which is substantively reasonable under the § 3583(e) factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**